DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order denying bail issued by the Erie County Court of Common Pleas. Because we conclude that there was clear and convincing evidence by which the court could have found a great presumption of appellant's guilt and that the nature of the offense inherently indicates an intent to harm a person or the community, we affirm.
 {¶ 2} In the early morning hours of January 8, 2006, a detective assigned to the Erie County Drug Task Force, asleep in his home, was awaken by multiple gunshots. One of the shots fired came through the detective's bedroom window, passing a few feet above the bed in which he and his wife slept.
 {¶ 3} Police responding found a shell casing in a parking lot across the street from the detective's house and a cell phone on a path along which someone seeking to conceal his presence might take. Twenty-five minutes after the shooting, police stopped a van driven by appellant, Patrick Brown. Shauncay Gowdy, ultimately a codefendant with appellant, was a passenger in the van. Police took appellant into custody on an outstanding warrant. Inside the van they found an empty holster, two cell phones and a coat apparently belonging to Gowdy. A test for gunshot residue proved positive for Gowdy and the coat. A witness later identified appellant as the person to whom he talked at 6:02 a.m. — 16 minutes before the shooting — on the cell phone found on the pathway from the parking lot where the spent shell casing was found. A check of cell phone records revealed calls to and from the phone found on the path until a few minutes after the shooting, at which point no response to the calls was had. Of the two cell phones found in the van, and claimed by appellant and Gowdy, records showed several calls between the phones both before and after the shooting.
 {¶ 4} Records also revealed that appellant had a prior conviction from a case handled by the drug task force to which the shooting victim was assigned. Gowdy had a drug trafficking charge pending when the shooting occurred.
 {¶ 5} Police charged appellant with complicity to felonious assault of an officer, felonious assault, intimidation of a witness, retaliation, weapon under disability, tampering with evidence and carrying a concealed weapon.
 {¶ 6} When the state sought to have appellant held without bond, the matter proceeded to a combined probable cause/bond hearing in the Sandusky Municipal Court. Following the hearing, appellant was bound over to the Erie County Grand Jury and ordered held without bond.
 {¶ 7} On February 10, 2006, appellant was named in an eight count indictment charging him with, among other things, complicity to commit felonious assault on a peace officer, a first degree felony; complicity to commit felonious assault, a second degree felony; and, complicity to improperly discharge a firearm into a habitation, a second degree felony. After indictment, the Erie County Court of Common Pleas continued the municipal court's order denying appellant bond. A subsequent motion for bond was denied.
 {¶ 8} Appellant now appeals the order denying him bond. Appellant sets forth the following single assignment of error:
 {¶ 9} "The trial court violated Mr. Brown's rights under theEighth Amendment of the United States Constitution and Article 9, Section I of the Ohio Constitution and erred in its application of R.C. Sec. 2937.222 when it denied him bond on counts one and two of the indictment."
 {¶ 10} Amendment VIII to the Constitution of the United States provides:
 {¶ 11} "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."
 {¶ 12} The same protection is found in Sec. 9, Art. I of the Constitution of Ohio:
 {¶ 13} "All persons shall be bailable by sufficient sureties, * * * except for a person who is charged with a felony where the proof is evident or the presumption great and where the person poses a substantial risk of serious physical harm to any person or to the community. * * * Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted.
 {¶ 14} "The General Assembly shall fix by law standards to determine whether a person who is charged with a felony where the proof is evident or the presumption great poses a substantial risk of serious physical harm to any person or to the community. * * *."
 {¶ 15} R.C. 2937.222 provides that an accused may be denied bail if he or she is charged with, inter alia, a first or second degree felony and, following a hearing, "* * * the judge finds by clear and convincing evidence that the proof is evident or the presumption great that the accused committed the offense * * * with which the accused is charged, finds by clear and convincing evidence that the accused poses a substantial risk of serious physical harm to any person or to the community, and finds by clear and convincing evidence that no release conditions will reasonably assure the safety of that person and the community." R.C. 2937.222(B).
 {¶ 16} The statute also provides guidance to the court as to the factors the court is to consider in determining whether the accused poses a substantial risk to a person or the community, directing that the court shall consider:
 {¶ 17} "(1) The nature and circumstances of the offense charged, including whether the offense is an offense of violence or involves alcohol or a drug of abuse;
 {¶ 18} "(2) The weight of the evidence against the accused;
 {¶ 19} "(3) The history and characteristics of the accused, including, but not limited to, both of the following:
 {¶ 20} "(a) The character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history of the accused;
 {¶ 21} "(b) Whether, at the time of the current alleged offense or at the time of the arrest of the accused, the accused was on probation, parole, post-release control, or other release pending trial, sentencing, appeal, or completion of sentence for the commission of an offense under the laws of this state, another state, or the United States or under a municipal ordinance.
 {¶ 22} "(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release."
 {¶ 23} A "substantial risk" is defined as, "* * * a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8).
 {¶ 24} "Clear and convincing" evidence, "* * * is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, at paragraph three of the syllabus.
 {¶ 25} The issue before us, then, is whether at appellant's bond hearing there was sufficient evidence presented by which the court could have formed a firm belief or conviction in support of its finding, "* * * that the presumption would be great that the accused * * * did commit the offenses charged [and that] no release conditions would exist at this time, that the court would be able to impose, that would reasonably assure that safety of that person or the community * * *."
 {¶ 26} It is undisputed that the charges for which bail was denied are first and second degree felonies. It would be difficult to imagine an offense which would produce a greater risk to persons or the community than a deliberate attempt to injure or intimidate a police officer by shooting into his home. Neither can we conceive of a condition of release which would reasonably ensure that one who would commit such an act would not try again. The only question remaining is whether the evidence submitted supports a "great presumption" of appellant's guilt.
 {¶ 27} Appellant is charged as an accomplice. For one to be convicted of complicity one must, inter alia, conspire with or aid and abet another in the commission of an offense with the same culpability required for the principle offense. R.C.2923.03. Appellant insists, citing State v. Widner (1982),69 Ohio St.2d 267, that his mere presence at the scene of the crime and witnessing a crime is insufficient to prove that he was an aider or abettor.
 {¶ 28} It is important to remember at this juncture that there need not be proof beyond a reasonable doubt that the accused committed the offense. There need only be clear and convincing evidence to support a "great presumption" of guilt. Curiously, the case which appellant advances in his favor provides a good example.
 {¶ 29} Roger Widner was behind the wheel of a suspicious vehicle when approached by two police officers. When asked for identification, Widner yelled profanities at the officers and sped away. A passenger produced a shotgun and fired at the officers, initiating a gun battle. After going a short distance, Widner crashed the car and both occupants were taken into custody. Widner was charged and convicted as an accomplice on two counts of attempted murder.
 {¶ 30} On appeal, Widner argued, as does appellant here, that the mere presence of an accused at the scene does not prove, in and of itself, that he was an aider or abettor. Widner's conviction was overturned on review; however, on further appeal, reinstated by the Supreme Court of Ohio. The facts, according to the court, showed that Widner was much more than a spectator, merely present. Id. at 269. The court concluded that a jury could have reasonably found that Widner had the intent and aided the passenger in commission of the offenses. Id at 270.
 {¶ 31} Cell phones permit wireless communication from almost anywhere. And, because of the way cellular calls are billed, there exists accurate records of who is called, when, and for how long. During a search of a scene of the shooting, police found a cell phone. They interviewed the person whose number had been called at 6:02 a.m., 16 minutes before the shooting. That person identified the caller he talked to at 6:02 a.m. as appellant. Police also noted that after 6:22 a.m., calls to the cell phone went unanswered. This is evidence by which it could be reasonably inferred that appellant was near the scene of the shooting within 16 minutes of its occurrence.
 {¶ 32} Within a half hour of the shooting, police found appellant in a van two blocks from where the shooting occurred. There was an empty holster in the van and appellant's companion in the van tested positive for gunshot residue. The two cell phones found in the van were claimed by appellant and his passenger. The records associated with these phones show multiple calls between these phones before and after the shooting. Both men had drug convictions and/or charges as the result of investigation by the police organization for which the victim works. From this it could be reasonably inferred that both appellant and Gowdy approached the detective's house under the cover of darkness and that one or both of them fired shots, one of which went into the victim's bedroom.
 {¶ 33} On these reasonable inferences from the evidence presented at the bond hearing, the court found that a great presumption that appellant was an accomplice in the shooting. We cannot say that this finding was unfounded.
 {¶ 34} Accordingly, appellant's sole assignment of error is found not well-taken. On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Arlene Singer, P.J., William J. Skow, Dennis M. Parish, J., concur.