OPINION
{¶ 1} Defendant-appellant, Derrick L. Foster, appeals from an entry denying his motion to set bond and ordering him held without bail as he awaits trial.
 {¶ 2} Appellant has been indicted on two counts of felonious assault with firearm specifications and specifications that the victims were police officers. The state has opposed bail under any conditions and moved, pursuant to R.C. 2937.222, to deny bail pending trial. *Page 2 
 {¶ 3} Under Section 9, Article I of the Ohio Constitution, there is a general presumption of bail while awaiting trial on criminal charges. Until that section was altered by an amendment effective January 1, 1998, the only exception to this presumption was for persons charged with a capital offense where "proof [was] evident or the presumption great." Id. After amendment, however, an additional exception was created for a person "who is charged with a felony where the proof is evident or the presumption great and where the person poses a substantial risk of serious physical harm to any person or to the community." Id. Pursuant to the amended constitutional provision, the legislature has enacted R.C. 2937.222, governing standards and procedures under which such dangerous felons may be denied bail:
 (A) On the motion of the prosecuting attorney or on the judge's own motion, the judge shall hold a hearing to determine whether an accused person charged with aggravated murder when it is not a capital offense, murder, a felony of the first or second degree * * * shall be denied bail.
 [T]he state has the burden of proving that the proof is evident or the presumption great that the accused committed the offense with which the accused is charged, of proving that the accused poses a substantial risk of serious physical harm to any person or to the community, and of proving that no release conditions will reasonably assure the safety of that person and the community.
 * * *
 (B) No accused person shall be denied bail pursuant to this section unless the judge finds by clear and convincing evidence that the proof is evident or the presumption great that the accused committed the offense described in division (A) of this section with which the accused is charged, finds by clear and convincing evidence that the accused poses a substantial risk of serious physical harm to any person or to the community, and finds by clear and convincing evidence that no release conditions will reasonably assure the safety of that person and the community. *Page 3 
 (C) The judge, in determining whether the accused person described in division (A) of this section poses a substantial risk of serious physical harm to any person or to the community and whether there are conditions of release that will reasonably assure the safety of that person and the community, shall consider all available information regarding all of the following:
 (1) The nature and circumstances of the offense charged, including whether the offense is an offense of violence or involves alcohol or a drug of abuse;
 (2) The weight of the evidence against the accused;
 (3) The history and characteristics of the accused, including, but not limited to, both of the following:
 (a) The character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history of the accused;
 (b) Whether, at the time of the current alleged offense or at the time of the arrest of the accused, the accused was on probation, parole, post-release control, or other release pending trial, sentencing, appeal, or completion of sentence for the commission of an offense under the laws of this state, another state, or the United States or under a municipal ordinance.
 (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.
 {¶ 4} The trial court in this case held a hearing under R.C. 2937.222(A) and denied bail. The trial court's order is a final appealable order under R.C. 2937.222(D)(1) and is being considered by this court on an expedited basis pursuant to R.C. 2937.222(D)(1)(a) through (d). Appellant has filed the following sole assignment of error: *Page 4 
 THE TRIAL COURT ERRED WHEN IT DENIED THE SETTING OF BAIL WHEN THE STATE HAD FAILED TO PROVE, BY CLEAR AND CONVINCING EVIDENCE, ALL OF THE FACTORS REQUIRED BY R.C. 2937.222(B).
 {¶ 5} The first question to be decided in this appeal is the standard of review to be applied by this court. Previous appellate courts that have considered the dangerous felon statute have not explicitly ruled on the standard of review to be applied on appeal. See, e.g., State v.Holin, Lake App. No. 2006-L-170, 2007-Ohio-34; State v. Sands, Lake App. No. 2006-L-171, 2007-Ohio-35; State v. Brown, Erie App. No. E-06-025,2006-Ohio-3377. Customarily, challenges to excessive bond are reviewed under an abuse of discretion standard by means of an original action in habeas corpus. In re DeFronzo (1977), 49 Ohio St.2d 271, 3 O.O.3d 408,361 N.E.2d 448; In re Gentry (1982), 7 Ohio App.3d 143, 145, 7 OBR 187,454 N.E.2d 987. The Supreme Court of Ohio has not directly addressed the issue, but in Smith v. Leis, 106 Ohio St.3d 309, 2005-Ohio-5125,835 N.E.2d 5, a habeas case that did not involve R.C. 2937.222, did appear in dicta to approve of the abuse-of-discretion standard: "[I]t appears from the record in this case that relevant evidence could have been introduced at an R.C. 2937.222 hearing. * * * [I]t appears that the trial court would not have abused its discretion in denying bail * * * assuming it had held the proper statutory hearing." Id at ¶ 82.
 {¶ 6} We accordingly conclude that we will review that matter under the standard that the trial court's order will not be reversed absent a showing that the trial court abused its discretion in finding that the prosecution had met its burden of proof to show that appellant should be denied bail. The burden of proving a matter by clear and convincing evidence requires more than proof by a mere preponderance of the *Page 5 
evidence, but does not rise to the level of certainty required by the "beyond a reasonable doubt" standard for a criminal conviction. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 53 O.O. 361,120 N.E.2d 188, paragraph 3 of the syllabus. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,5 OBR 481, 450 N.E.2d 1140.
 {¶ 7} The question before us then is whether the state has met its burden of proving by clear and convincing evidence that, appellant having been charged with a qualifying felony under R.C. 2933.222(A), the proof is evident or the presumption great that appellant committed the offenses with which he was charged, poses a substantial risk of serious physical harm to any person or the community, and that no release conditions would reasonably assure the safety of such persons and the community.
 {¶ 8} By agreement of the parties, the trial court did not hear direct testimony from witnesses at the bail hearing, but did consider evidentiary summaries or representations presented by counsel addressing both the agreed and disputed facts. The trial court also considered certain documents submitted in memoranda. The trial court's decision, appropriately, does not attempt to resolve the disputed facts debated by the parties and presented without further evidentiary support at the hearing, but is based upon that portion of the factual context of the case that lent itself to informal stipulation between counsel. Although R.C. 2937.222 might under other circumstances call for a more elaborate evidentiary hearing, given that appellant does not deny firing *Page 6 
some of the shots that wounded two Columbus police officers, the facts of this case lend themselves to the approach taken by the parties in the trial court.
 {¶ 9} The first factor to be considered under R.C. 2937.222 is whether the proof is evident or the presumption great that appellant committed the offenses with which he was charged. The indictment charging appellant asserts that on or about April 30, 2008, he knowingly caused serious physical harm to Detective John Gillis of the Columbus Division of Police and Detective Anthony Garrison of the Columbus Division of Police by means of a firearm at 1791 East Rich Street in Columbus, Ohio. For both counts, the indictment specifies that appellant had a firearm on or about his person and used it to facilitate the crime of felonious assault, and that the firearm was discharged at the police officers while committing the offense, an additional specification under R.C. 2941.1412. Because the victims were police officers, the charged felonious assaults constitute first-degree felonies under R.C. 2903.11(D)(1). In addition, because the victims suffered actual serious physical harm as a result of the offenses, if convicted appellant faces a mandatory prison term under R.C. 2903.11(D)(1) and 2929.13(F).
 {¶ 10} Appellant does not dispute that he discharged a firearm and that ballistic evidence may link his gun to one or more of the bullets that struck the victims. Rather, appellant disputes the circumstances under which he fired and invokes the affirmative defense of self-defense.
 {¶ 11} By way of background, and solely for the purposes of the present motion for bail, the parties agreed on the following general circumstances surrounding the shooting. Appellant, employed as a code inspector for the city of Columbus but not in the course of his duties, was shooting dice on the ground floor of a building known as a *Page 7 
gambling place and where appellant had gone for that purpose. While appellant was there, Columbus police arrived in force to serve a search warrant based upon a prior cocaine purchase in the building. The premises were divided into upstairs and downstairs apartments, and the warrant apparently was directed toward the second-floor unit, where in fact a large amount of crack cocaine was later recovered. The state does not presently allege that appellant's activities on the first floor on the day in question involved narcotics sales. Appellant asserts that his activities were limited to gambling. Attempting to enter the lower floor, police used a battering ram to breach a door.
 {¶ 12} Thereafter some of the facts are in vigorous dispute or unknown. The state asserts that the police were serving a "knock and announce" warrant and that police announced themselves as officers. Thus, appellant knew officers were outside the door attempting to gain entry. Appellant asserts that he never heard any announcement of the police identifying themselves. Individuals gambling with appellant began to panic and yelled that they were being robbed, purportedly a common hazard in gambling places. Appellant's account was that one of the men with whom appellant was gambling, Michael T. Gravely, began to shoot and the persons outside returned fire into the residence. The police account corroborates that officers returned fire. Appellant, who was carrying a pistol with the requisite concealed carry permit, then fired several shots at the bottom part of the back door where police were attempting entry. The two police officers were wounded by appellant's or Gravely's fire, Officer Gillis suffering such a severe leg wound that only prompt intervention by his fellow officers prevented him from bleeding to death due to a severed artery. *Page 8 
 {¶ 13} Appellant admits in this case that he fired several shots through a closed door, and that he did so without any certain knowledge of who was beyond the door and thus at whom he was shooting. Appellant does not deny that some of these shots may well have been those that struck and injured the police officers. Because intentionally firing a gun through a door behind which persons are known to be standing could satisfy the "knowingly" mens rea for felonious assault, a question to be determined at trial is whether appellant did so in the belief that he was being robbed or at risk of being robbed by persons who were firing into the house, and whether the affirmative defense of self-defense could be established under these circumstances.
 {¶ 14} The state asserts that the burden of proof for a denial of bail in this case has been met. At trial, appellant would be called upon to demonstrate that he acted reasonably in making the decision to use deadly force, Marts v. State (1875), 26 Ohio St. 162, and particularly that firing blindly through a door was an appropriate response, even if he believed that danger was imminent, given the difficulty in knowing who would be struck even if the assailants were ultimately proven to be robbers. See, generally, State v. Robinson (1999), 132 Ohio App.3d 830,837, 726 N.E.2d 581. In addition, the state points out that given the nature of the building in which appellant was gambling, his acknowledged awareness that it was frequented by drug dealers, the presence of bars and other fortifications on the doors which appellant may have been in a position to notice, appellant, as a city code inspector, must be imputed with the knowledge that a police raid was as likely, or perhaps far more likely, than an intrusion by armed robbers who would batter down the back door. *Page 9 
 {¶ 15} In summary, we find that the facts presented to the trial court support the trial court's conclusion that the state had shown by clear and convincing evidence that the proof was evident or the presumption great that appellant committed the offenses with which he was charged.
 {¶ 16} The next factors to be considered under R.C. 2937.222(B) are whether appellant presents a substantial risk of serious physical harm to other persons or the community and that no condition of release will reasonably assure the safety of the community. The trial court, in assessing the statutorily enumerated factors concerned with this issue, focused upon the nature and circumstances of the offense charged, R.C. 2937.222(C)(1), and the danger to persons or the community that might be posed by appellant's release, R.C. 2937.222(C)(4). In arguing in favor of release on bail, appellant's counsel presented evidence of appellant's good character, family ties, length of residence in the community, community ties, past conduct, and absence of criminal history, R.C. 2937.222(C)(3).
 {¶ 17} It appears undisputed that appellant has no known criminal history and a stable history of employment with the city of Columbus as a code inspector. Appellant graduated from The Ohio State University after attending on a football scholarship, and was able to submit in support of his release on bail numerous letters and testimonials from friends, former teammates, and community leaders.
 {¶ 18} In rebuttal, however, the state points to the serious nature of the charged offense and the circumstances under which it occurred. Appellant was in a known gambling house, to which he had gone for that purpose, and could be imputed with the knowledge that drug dealers frequented the premises. When appellant was arrested, *Page 10 
he apparently was leaving the house through a basement window, which clashes with his assertion that he did not know police were present and that he would not have fired had he known police were on the premises. Most significantly, appellant fired shots through the door by which police officers were attempting to enter the premises pursuant to a search warrant. Regardless of whether appellant heard the officers announce their presence, appellant's use of a firearm under these circumstances support the trial court's finding that he represents a danger to others and the community.
 {¶ 19} The fact that the victims were police officers raises serious questions as to the safety of officers who would seek to apprehend appellant in the future if he did not voluntarily appear for trial or sentencing. While appellant's ties to the community and lack of a criminal history should not be entirely disregarded, "the nature of the charged offenses was entitled to significantly greater weight than appellant's personal history." Holin, supra. Based on all the above, we find the trial court did not abuse its discretion in finding that no condition of release would ensure the safety of other persons in the community.
 {¶ 20} In conclusion, we find that the trial court did not abuse its discretion in denying appellant bail pending trial because the proof is evident and the presumption great that appellant committed the charged offenses, and the state has shown by clear and convincing evidence that appellant poses a substantial risk of serious physical harm and that no release condition will reasonably assure the safety of the community. *Page 11 
 {¶ 21} Based upon the foregoing, we overrule appellant's assignment of error and affirm the trial court's decision pursuant to R.C. 2937.222
denying bail pending trial.
Judgment affirmed.
PETREE and T. BRYANT, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1