[Cite as *State v. Henderson*, 2017-Ohio-2678.]

IN THE COURT OF APPEALS OF OHIO

TENThttps APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-870 |
| v. | : | (C.P.C. No. 16CR-2682) |
| Steve L. Henderson, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 4, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher.*

**On brief:** *David L. Rowland*, for appellant. **Argued:** *David L. Rowland.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Steve L. Henderson, appeals from an order of the Franklin County Court of Common Pleas revoking his bond. For the following reasons, we dismiss the appeal.

## I. Facts and Procedural History

{¶ 2} Appellant was indicted on May 18, 2016, on one count of participation in a criminal gang, a second-degree felony, in violation of R.C. 2923.42, and nine counts of having a weapon under disability, a third-degree felony, in violation of R.C. 2923.13. On June 21, 2016, the trial court set appellant's bond at $100,000, with additional conditions that appellant not possess weapons of any kind and that he stay away from his co-defendant. Appellant posted bond and was released from custody.

{¶ 3} On December 2, 2016, plaintiff-appellee, State of Ohio, moved for reconsideration of appellant's bond, asserting that appellant failed to comply with the

conditions imposed by the court and that it was necessary for the safety of appellant's victim for the court to revoke or substantially increase appellant's bond. The trial court conducted a hearing on the state's motion on December 6, 2016. At the hearing, the state presented testimony from Columbus Division of Police Officer Samuel Chappell, regarding social media activity purportedly conducted by appellant involving threats and gang activity. During the hearing, the trial court asked whether the prosecution was seeking revocation of appellant's bond; the prosecutor responded that the state was not requesting denial of bond but sought "a significant increase, in excess of $750,000." (Tr. at 30.) At the end of the hearing, the trial court revoked appellant's bond and ordered appellant to be taken into custody.

## II. Assignment of Error

{¶ 4} Appellant appeals and assigns the following single assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT BAIL AS ITS FINDINGS WERE NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE; THE COURT DID NOT ISSUE FINDINGS.

## III. Discussion

{¶ 5} R.C. 2937.222(A) provides that, on motion of the prosecuting attorney or sua sponte by the court, a judge shall hold a hearing to determine whether a defendant charged with certain offenses, including second-degree felonies, shall be denied bail. The statute further provides that no defendant shall be denied bail unless the judge "finds by clear and convincing evidence that the proof is evident or the presumption great that the accused committed the offense described in [R.C. 2937.222(A)] with which the accused is charged, finds by clear and convincing evidence that the accused poses a substantial risk of serious physical harm to any person or to the community, and finds by clear and convincing evidence that no release conditions will reasonably assure the safety of that person and the community." R.C. 2937.222(B). We review a trial court's denial of bail pursuant to R.C. 2937.222 for abuse of discretion. *State v. Foster*, 10th Dist. No. 08AP-523, 2008-Ohio-3525, ¶ 6. An abuse of discretion occurs when a court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 6}   Appellant argues the trial court abused its discretion by revoking his bond because the court failed to make the necessary findings by clear and convincing evidence as required under R.C. 2937.222(B).  The state responds that R.C. 2937.222 does not apply, asserting that it did not request appellant be held without bond, based on the prosecutor's response to the trial court's question at the hearing.  The state argues the trial court revoked appellant's bond, pursuant to its inherent powers, rather than under the statute.  The state further argues that, to the extent R.C. 2937.222 may be found to apply to the revocation of appellant's bond, the trial court did not abuse its discretion because the state presented evidence at the hearing to establish the findings required under the statute.

{¶ 7}   The trial court appeared to have believed it was revoking appellant's bond pursuant to R.C. 2937.222.  At the hearing, the court explicitly referred to the fact that appellant was charged with a second-degree felony, which would permit a denial of bond under the statute, and to appellant's right to an immediate appeal of the order.  However, due to subsequent developments in this case, we need not reach the question of whether the trial court revoked appellant's bond pursuant to R.C. 2937.222 or pursuant to its inherent powers.

{¶ 8}   We take notice of the fact that, after this appeal was filed, the trial court reinstated bail for appellant on January 19, 2017, setting his bond at $750,000.  Appellant and the state each acknowledge this development in their briefs, but disagree as to the effect of the trial court's action.  Appellant asserts the subsequent bond was set so high as to be tantamount to a denial of bail.[1]  The state, by contrast, argues the order setting bond for appellant renders the present appeal moot, and that we should dismiss the appeal on that basis.

{¶ 9}   An order denying bail under R.C. 2937.222 is a final, appealable order, but the trial court retains jurisdiction during any appeal to conduct additional proceedings in

---

[1] To the extent appellant seeks to argue on appeal that the January 19, 2017 order set appellant's bond at an amount so high as to be tantamount to a denial of bail, his argument is faced with two problems. First, this appeal was taken from the order revoking bond; therefore, the January 19, 2017 order granting the increased bond is not at issue before the court. Second, claims of excessive bond are generally subject to challenge through an action in habeas corpus, not by direct appeal. *See Chari v. Vore*, 91 Ohio St.3d 323, 325 (2001) ("Habeas corpus is the proper remedy to raise the claim of excessive bail in pretrial-release cases."); *In re De Fronzo*, 49 Ohio St.2d 271, 273 (1977) ("It is well established that habeas corpus is the proper remedy to raise the claim of excessive bail."); *Foster* at ¶ 5 ("Customarily, challenges to excessive bond are reviewed under an abuse of discretion standard by means of an original action in habeas corpus.").

the case or further consider the order denying bail. R.C. 2937.222(D)(1) and (2). The statute expressly provides that "[i]f, during the pendency of an appeal under division (D) of this section, the court of common pleas sets aside or terminates the order denying bail, the court of appeals shall dismiss the appeal." R.C. 2937.222(D)(2).

{¶ 10} The doctrine of mootness is based on constitutional principles and the concept of judicial restraint. *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). Under this doctrine, the court will not rule on matters that do not involve an actual controversy. *See Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991), quoting *Miner v. Witt*, 82 Ohio St. 237 (1910), syllabus (" 'It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error.' "). An issue is moot when it " 'involve[s] no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.' " (Citations omitted.) *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11, quoting *Culver v. Warren*, 84 Ohio App.3d 373, 393 (11th Dist.1948).

{¶ 11} As a result of the trial court's January 19, 2017 order setting bond for appellant, this appeal must be dismissed. If the trial court revoked appellant's initial bond, pursuant to R.C. 2937.222, that statute would require dismissal of the appeal because the January 19, 2017 order effectively set aside or terminated the bond revocation order. *See* R.C. 2937.222(D)(2). Alternatively, if the trial court revoked appellant's initial bond pursuant to its inherent powers, the January 19, 2017 order superseded the bond revocation order. As a result, appellant is eligible for bail and the present appeal would be moot because there is no genuine controversy to be resolved by this court. *See, e.g., State v. Saikus*, 8th Dist. No. 71981 (Mar. 12, 1998) (concluding that appellant's claim of denial of due process because of unreasonable bond was moot because his motion for reduction of bond was granted). In either circumstance, this appeal must be dismissed.

## IV. Conclusion

{¶ 12} For the foregoing reasons, we dismiss appellant's appeal.

*Appeal dismissed.*

TYACK, P.J., and LUPER SCHUSTER, J., concur.

_____