**[Cite as *State v. Blackshear*, 2022-Ohio-230.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-21-1141

       Appellee                                  Trial Court No.  CR0202101858

v.

Jeno Blackshear, II                              **DECISION AND JUDGMENT**

       Appellant                                 Decided:  January 28, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Neil McElroy, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Jeno Blackshear II, appeals from a judgment entered by the Lucas

County Court of Common Pleas on July 16, 2021, denying him bail.  For the reasons that

follow, we affirm the judgment of the trial court.

## Statement of the Case and Facts

{¶ 2} On May 13, 2021, J.B.'s parents contacted the police to report that they had received text messages and phone calls from their son's cell phone indicating that he was being held hostage. Thereafter, officers conducted surveillance at a home where J.B. had been the previous night. During the surveillance, officers observed appellant exit the home and then unsuccessfully attempt to enter J.B.'s car, before returning inside. Appellant exited the home a second time and, this time, entered his own vehicle. The officers followed and then stopped appellant. Two firearms and J.B.'s cell phone were discovered inside the vehicle. The officers then entered the home they had been surveilling. There, they found J.B. inside of a locked cabinet that was hanging beneath the basement stairwell.

{¶ 3} J.B. explained to the police that he had previously agreed to grow marijuana for a person named "Ray," whom he later identified as appellant. J.B. stated that the day before the incident, he had taken his girlfriend to the house in question, and that, upon returning to the house a day later, he discovered that the home had been broken into and that everything associated with the marijuana grow operation had been stolen. He stated that he notified appellant of the burglary. Appellant, upon learning that J.B. had brought his girlfriend to the house, physically assaulted J.B., and then forced him into the basement, where he continued to beat him with various objects. Appellant then forced J.B. into the cabinet under the stairwell, where he remained until the police arrived.

2.

{¶ 4} On May 14, 2021, appellant was charged by complaint and arrested on charges of felonious assault and kidnapping. The municipal court set his bond at $50,000 on each count and, further, imposed a no contact order. Appellant posted surety bonds in the correct amount and, thereafter, he was released from custody. The case was scheduled for a preliminary hearing, but the hearing was ultimately dismissed following an indictment by a grand jury.

{¶ 5} On June 15, 2021, appellant was indicted in Lucas County Common Pleas Court case No. CR-2021-1858, on four counts: (1) aggravated robbery with a firearm specification, a felony of the first degree; (2) kidnapping with a firearm specification, a felony of the first degree; (3) felonious assault, a felony of the second degree; and (4) defacing the identification marks of a firearm, a misdemeanor of the first degree. Two days later, a warrant was issued for his arrest.

{¶ 6} Appellant was arraigned on July 13, 2021, after he voluntarily appeared before the common pleas court. The court, after hearing the parties' disagreement on whether the court should impose the same bond that the municipal court had previously set, asked if the state would be seeking a hearing on the denial of bail pursuant to R.C. 2937.222. The state answered in the affirmative, and the court scheduled the hearing for July 15, 2021. For the interim time period, the court set bond in the following amounts: $125,000 on count one; $75,000 on count two; $50,000 on count three; and $25,000 on count four. In addition, the court imposed a no contact order and advised appellant that if he posted bond, he would be placed on electronic monitoring.

3.

{¶ 7} At the July 15, 2021 evidentiary hearing, the state presented the testimony of Detective Nicholas Czech. Czech recounted the factual allegations that gave rise to the charges, and then testified as to his knowledge about the use of electronic monitoring devices. Specifically, he explained that the electronic monitoring unit is not staffed 24-hours a day, nor are the police automatically alerted if a defendant enters a restricted area. He also stated that the electronic monitoring bracelets are capable of being removed by a defendant. Finally, upon questioning by defense counsel, Czech acknowledged that he was unaware of any evidence that appellant had attempted to contact the victim or had otherwise violated a condition of the bond that had been set in municipal court.

{¶ 8} At the conclusion of the hearing, the trial court found that the state had satisfied its burden of proving each of three requirements necessary for the denial of bail under R.C. 2937.222. First, the court found "clear and convincing evidence that the proof is evident and the presumption great that [appellant] committed the charged offenses of Aggravated Robbery and Kidnapping, felonies of the 1st degree." Second, the court found "clear and convincing evidence that [appellant] poses a substantial risk of serious physical harm to the victim in this case." And third, the court found "clear and convincing evidence that no release conditions will reasonably assure the safety of the victim, his family, or the community at large." Based on the foregoing findings, the court revoked appellant's bond and ordered him to be held without bail. Appellant filed a timely appeal from the trial court's order.

4.

## Assignment of Error

{¶ 9} In his appeal, appellant sets forth the following assignment of error:

Assignment of Error No. I.

The trial court erred in ordering Mr. Blackshear to be held without bond given that:

(a) there was insufficient evidence to find by clear and convincing evidence that Mr. Blackshear posed a substantial risk of serious physical harm to any person or the community, and

(b) there was insufficient evidence to find by clear and convincing evidence that the no release conditions would reasonably assure the safety of that person or the community.

## Analysis

{¶ 10} In his sole assignment of error, appellant claims that the trial court erred when it ordered him to be held without bail pursuant to R.C. 2937.222. The statute provides that a defendant charged with certain serious offenses, including a felony of the first or second degree, may be denied bail if the trial court holds a hearing and finds that: (1) the proof is evident or the presumption great that the accused committed the charged offense; (2) the defendant poses a substantial risk of serious physical harm to any person or to the community; and (3) no release conditions will reasonably assure the safety of that person and the community. R.C. 2937.222(A) and (B).

5.

{¶ 11} In determining whether a defendant poses a substantial risk of serious physical harm to any person or the community and whether any conditions of release will reasonably assure the safety of that person and the community, a trial court shall consider all available information regarding all of the following:

(1) The nature and circumstances of the offense charged, including whether the offense is an offense of violence or involves alcohol or a drug of abuse;

(2) The weight of the evidence against the accused;

(3) The history and characteristics of the accused, including, but not limited to, both of the following:

(a) The character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history of the accused;

(b) Whether, at the time of the current alleged offense or at the time of the arrest of the accused, the accused was on probation, parole, post-release control, or other release pending trial, sentencing, appeal, or completion of sentence for the commission of an offense under the laws of this state, another state, or the United States or under a municipal ordinance.

6.

(4) The nature and seriousness of the danger to any person or the

community that would be posed by the person's release.

R.C. 2937.222(C).

{¶ 12} In order for bail to be denied under the statute, the state must prove each of the three requirements by clear and convincing evidence. R.C. 2937.222(A) and (B). Clear and convincing evidence is more than "a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Typically, where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Mitchell*, 2d Dist. Montgomery No. 28280, 2019-Ohio-2465, ¶ 17.

{¶ 13} To date, Ohio courts have not reached a consensus on the appropriate standard of review for an appellate court to apply when reviewing a trial court's decision under R.C. 2937.222. This court has characterized the issue as whether there was "sufficient evidence presented by which the [trial] court could have formed a firm belief or conviction in support of its finding[s]." *State v. Brown*, 6th Dist. Erie No. E-06-025, 2006-Ohio-3377, ¶ 25. The Tenth District, however, has applied an "abuse of discretion"

7.

standard of review. *See State v. Henderson*, 10th Dist. Franklin No. 16AP-870, 2017-Ohio-2678, ¶ 5; *State v. Foster,* 10th Dist. Franklin No. 08AP-523, 2008-Ohio-3525, ¶ 6. And the Eleventh District has applied a mixed standard of review, similar to that which governs review of a trial court's ruling on a motion to suppress; specifically:

[I]n reviewing factual determinations of the trial court, an appellate court reviewing a motion to deny bail is bound to accept the trial court's findings of fact where they are supported by competent, credible evidence. Accepting these facts as true, the appellate court independently reviews the trial court's legal determinations de novo.

*State v. Urso*, 11th Dist. Trumbull No. 2010-Ohio-2151, ¶ 47.

{¶ 14} Recent decisions by the Second and Eighth Districts have applied all three standards of review, finding consistent results in each case. See *Mitchell* at ¶ 24 (concluding that conflicts in standards of review did not need to be resolved, as the trial court's decision was correct under any of the three standards); *State v. Hawkins*, 8th Dist. Cuyahoga No. 109097, 2019-Ohio-5132, ¶ 47 (finding that appellant's assignment of error should be overruled "regardless of the standard of review we apply"); *State v. Jackson*, 8th Dist. Cuyahoga No. 110621, ¶ 40 (finding that, "regardless of what standard of review this court applies," the trial court erred in revoking appellant's bond).

{¶ 15} Appellant in the instant case does not dispute that the evidence presented at the denial of bail hearing was sufficient to support the trial court's finding that he committed the charged offenses of aggravated robbery and kidnapping. Instead, he

8.

argues that the evidence was insufficient to support the trial court's finding that: (1) he poses a substantial risk of serious physical harm to the victim; and (2) no release conditions will reasonably assure the safety of the victim, his family, or the community at large.

{¶ 16} Here, the trial court expressly stated at the end of the evidentiary hearing that it had considered the factors set forth at R.C. 2937.222(C). Addressing the matter of risk of harm, the court concluded that appellant "poses a substantial risk of serious physical harm to the victim in this case due to the nature of these offenses[,] the physical harm that was caused to the victim in committing these offenses[,] and the lengths the defendant was seemingly willing to go to perpetrate these offenses."

{¶ 17} In challenging the trial court's finding, appellant acknowledges that the nature and circumstances of the charged offenses may have established that he posed a threat to the victim before he was arrested and charged in this case. However, he emphasizes that the state did not introduce any evidence to establish that he had attempted to contact the victim or had otherwise violated a condition of his release during the two-month period of time that elapsed after he posted bond in the municipal court. He also notes that he voluntarily appeared in the common pleas court after learning of the indictment and of the warrant for his arrest. Appellant argues that his conduct after being arrested and charged in this case demonstrated that, at the time of the hearing, he no longer posed a threat to the victim or to anyone else. In response, the state asserts that appellant's compliance with the municipal court's no contact order and his voluntary

9.

appearance before the common pleas court do not outweigh the serious and violent actions that he had taken against the victim in this case.

{¶ 18} At the evidentiary hearing, Czech testified that appellant, upon learning that J.B. had brought his girlfriend to the house shortly before it was broken into:

> [S]truck him with a close-handed fist, choked him from behind, took his cellphone, called his father demanding money, fired the firearm inside * * * the residence with [J.B.'s father] on the phone, forced him to crawl in to the basement, and while he was down there he was beaten with various objects, mason jars, pieces of wood, paint cans. Said he was forced in to a small room which was located in the basement. He said that the room was not able to be secured very well so then forced to get in to the cabinet underneath the stairwell where he was held for the remainder of the incident.

To ensure that J.B. could not escape, appellant had placed a large trash can filled with various objects in front of the cabinet. Czech further testified that appellant sent photos of J.B., beaten and bloody, to J.B.'s family and demanded $10,000 in exchange for his safe return.

{¶ 19} Appellant clearly blamed J.B. for the loss of their marijuana grow operation, and he decided to retaliate by physically assaulting J.B. and by holding J.B. against his will. He then demanded a large amount of money from J.B.'s family, likely as compensation for the loss of his drug business. Finally, he threatened additional harm to

J.B. if he attempted to escape, if his family refused to pay his ransom, or if the police became involved.

{¶ 20} In light of the evidence demonstrating the severity of the actions that appellant had already taken to exact his revenge, we find that it could reasonably be inferred that there exists a substantial risk that appellant would further retaliate against J.B. for his cooperation with the police investigation and court proceedings. Thus, the evidence presented at the hearing was sufficient to support the trial court's finding that appellant poses a substantial risk of serious physical harm.

{¶ 21} The trial court also found clear and convincing evidence that "no release conditions will reasonably assure the safety of this victim, of his family, and of our community at large[;] the dangerousness and the violence associated with these offenses is too severe."

{¶ 22} In challenging this finding, appellant notes that the municipal court had already set a cash bond and had imposed a no contact order. He then, again, emphasizes that the state did not introduce any evidence to establish that he had failed to comply with any release conditions in the two-month period of time that elapsed after he posted bond in the municipal court. Under these circumstances, appellant argues, imposition of a cash bond and placement under electronic monitoring would have reasonably assured the safety of the victim, his family, and the community.

{¶ 23} Appellant's argument that he complied with the municipal court's conditions of release neglects the salient point that when the facts were presented to the

grand jury, it returned additional charges against appellant including aggravated robbery with a firearm specification. Appellant fails to demonstrate how these additional charges lessen the danger that he still poses a substantial risk of serious physical harm to J.B. or to anyone else in the community that he believed was responsible for the burglary, such as J.B.'s girlfriend. As Czech testified, the electronic monitoring bracelets are capable of being removed by a defendant. Moreover, the electronic monitoring unit is not staffed 24-hours a day, nor are the police automatically alerted if a defendant enters a restricted areas.

{¶ 24} It could reasonably be inferred from the evidence presented at the hearing that the serious and violent actions that appellant took against J.B. were motivated by a desire for revenge, and that there are no conditions of release that would reasonably assure that appellant would not further harm J.B. in retaliation for his cooperation with the police investigation and court proceedings. Thus, the evidence presented at the hearing was sufficient to support the trial court's finding.

{¶ 25} Based on all of the foregoing, it is our conclusion that there was sufficient evidence presented by which the trial court could have formed a firm belief or conviction in support of its findings under R.C. 2937.222. *See Brown*, 6th Dist. Erie No. E-06-025, 2006-Ohio-3377, at ¶ 25. We further conclude that the trial court's findings of fact were supported by the record and that the trial court's decision does not constitute an abuse of discretion. *See Henderson*, 10th Dist. Franklin No. 16AP-870, 2017-Ohio-2678, at ¶5. And, finally, we conclude that the trial court's factual findings were supported by

12.

competent, credible evidence. *See Urso*, 11th Dist. Trumbull No. 2010-T-0042, 2010-Ohio-2151, at ¶47. Therefore, appellant's arguments fail, regardless of the standard of review applied.

{¶ 26} Accordingly, we find appellant's sole assignment of error not well-taken, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.
_____
JUDGE
Thomas J. Osowik, J.

Myron C. Duhart, P.J.
_____
JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.