[Cite as *State v. Dickey*, 2023-Ohio-705.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220536 |
|  |  | TRIAL NO. B-2204164 |
| Plaintiff-Appellee, | : |  |
|  | : |  |
| vs. | : | *O P I N I O N.* |
|  | : |  |
| DAMONTE DICKEY, | : |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 8, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, for Plaintiff-Appellee,

*Arica L. Underwood*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}    Indicted on six felony charges in the aftermath of a violent altercation in August 2022, the trial court originally set defendant-appellant Damonte Dickey's bail at $190,000.  Mr. Dickey posted that bail amount, and a few days later, the state requested that the court increase his bail.  At the hearing on the state's motion, however, the trial court sua sponte decided to hold Mr. Dickey without bail pursuant to the statutory requirements of R.C. 2937.222.  But the governing statute requires "clear and convincing evidence" before bail can be denied, and no one produced any evidence at the hearing (because the state was not even seeking that remedy).  Because the trial court failed to comply with the statute, we must reverse its judgment, and remand the cause for further proceedings, including, if requested, a hearing that complies with R.C. 2937.222.

I.

{¶2}    On the day of the incident precipitating his arrest, a verbal altercation (that would soon turn violent) erupted between Mr. Dickey and victim Ramia Hobs while Mr. Dickey drove his vehicle.  According to the bill of particulars, Mr. Dickey leapt out of his car, and fired two rounds, with one round hitting Ms. Hobs in the thigh, and the fragments of a bullet hitting a bystander, Zhy Douglas, in her thigh. After the shooting, Mr. Dickey returned to his car and sped away, but police tracked him down shortly thereafter, pulled his car over, and ordered him out of the vehicle. As officers attempted to place him under arrest, he resisted and kicked an officer in the face during the struggle.  During the subsequent search of Mr. Dickey's car, the officers found a loaded firearm—which he was prohibited from possessing due to a prior drug conviction—a bag of marijuana, and a digital scale.

2

**{¶3}** In the aftermath of the altercation, Mr. Dickey was indicted for two counts of felonious assault in violation of R.C. 2903.11(A)(2) with specifications, one count of felonious assault in violation of R.C. 2903.11(A)(1), one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(A), one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), and one count of assault in violation of R.C. 2903.13(A). Shortly after the indictment, the court set Mr. Dickey's bail at $190,000—$50,000 each for two of the felonious assault charges and for the assault charge, and $20,000 each for the weapons under disability charge and the improper handling of a firearm charge—which the court required to be in the form of a secured bond, with an electronic monitoring device.

**{¶4}** On September 15, a surety posted the $190,000 bond amount on Mr. Dickey's behalf. However, to prevent Mr. Dickey's release, the state moved to increase his bail on September 20. In the state's two-page motion, it devoted one paragraph to an analysis of the factors under Crim.R. 46, and it did not contain any record citations or attached evidence to support any of the contentions made in the motion. The motion requested that the court increase the bond, but it did not propose any specific amount.

**{¶5}** The court eventually heard the state's argument to increase the bond on October 25. During the hearing, the state's attorney presented oral argument to the court regarding the shooting, Mr. Dickey's prior record, an explanation of the ballistics evidence that was apparently collected, and the presence of eyewitnesses to the altercation. However, the state offered no ballistics report or other exhibits to the court, nor any testimony by any eyewitness or reporting officer during the hearing.

{¶6} Although no evidence was offered about how Mr. Dickey made bond, the trial court seemed convinced that he secured the proceeds through illicit means:

The Court: How did he make that $190,000 bond?

Counsel: He has a very supportive family. He has significant family ties. He has done everything I've asked him to do. He knew exactly why we were coming here today.

The Court: Significant ties in the drug community, selling drugs.

Counsel: He's not selling drugs, Your Honor.

{¶7} After the prosecutor and defense counsel presented their respective arguments, the trial court determined "it's pretty clear he committed this crime by clear and convincing evidence." The court, on its own motion, revoked Mr. Dickey's bail, and ordered that he be held without bail. In a single assignment of error, Mr. Dickey asserts that because no evidence was produced at the hearing, the court's determination to deny him bail was contrary to the requirements of R.C. 2937.222.

II.

{¶8} In light of the constitutional protections for bail, the General Assembly has promulgated a statutory regime that a trial court must comply with before denying an individual bail. Ohio Constitution, Article I, Section 9; R.C. 2937.222. If a person is to be denied bail pursuant to R.C. 2937.222(A), the court must strictly adhere to the procedural protections of R.C. 2937.222(B):

No accused person shall be denied bail pursuant to this section unless the judge finds by *clear and convincing evidence* that the proof is evident or the presumption great that the accused committed the

offense described in division (A) of this section with which the accused is charged, finds by *clear and convincing evidence* that the accused poses a substantial risk of serious physical harm to any person or to the community, and finds by *clear and convincing evidence* that no release conditions will reasonably assure the safety of that person and the community.

(Emphasis added.); *see State v. Murray*, 1st Dist. Hamilton, No. C-220243, 2022-Ohio-3411, ¶ 20 ("[B]efore denying certain alleged offenders['] bail, the court must 'find[]' after the hearing that the state established the conditions set forth in R.C. 2937.222(B) by clear and convincing evidence.").

{**¶9**} We recently discussed at length the standard of review for the denial of bail under R.C. 2937.222, concluding that we must "review the record" in order to ascertain whether the "trial court had sufficient evidence before it to satisfy the clear-and-convincing standard." *State v. Sowders*, 1st Dist. Hamilton No. C-220114, 2022-Ohio-2401, ¶ 28.

{**¶10**} "Clear and convincing evidence" is a term of art that courts have elaborated upon over the years. Although the precise word choice might vary between courts, no one doubts that "clear and convincing evidence" requires *evidence*. " 'Clear and convincing evidence is evidence which shows that the truth of the facts asserted is highly probable.' " *Disciplinary Counsel v. Stafford*, 128 Ohio St.3d 446, 2011-Ohio-1484, 946 N.E.2d 193, ¶ 55, quoting *In re B.D.-Y.*, 286 Kan. 686, 187 P.3d 594 (2008). "The [clear and convincing evidence] standard requires the judge to have a firm belief or conviction about the facts adduced." *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961,

979 N.E.2d 1203, ¶ 20; *see In re K.H.*, 119 Ohio St.3d 538, 2008-Ohio-4825, 895 N.E.2d 809, ¶ 42, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus (defining clear and convincing evidence as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established").

{¶11} To be sure, in the denial of bail context, the rules of evidence do not apply. *See* R.C. 2937.222(A) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."). That means that a court might rely on hearsay evidence, unauthenticated videos, etc. But we see nothing in the statute that would toss the entire "evidence" concept out the window.

{¶12} Much to the contrary, we must be guided by the plain language of the statute, which repeatedly mentions "clear and convincing evidence." " 'When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply the rules of statutory interpretation.' " *State v. Jeffries*, 160 Ohio St.3d 300, 2020-Ohio-1539, 156 N.E.3d 859, ¶ 15, quoting *Symmes Twp. Bd. of Trustees v. Smyth*, 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000).

{¶13} Furthermore, we cannot interpret "clear and convincing evidence" to mean "attorney argument" without rewriting the statute. "Because our role as members of the judiciary is not * * * to declare that the General Assembly by way of inadvertence or inattention made a slip of the pen in an attempt to rewrite the statute

in a manner that is pleasing to us, we must adhere to the plain language of the statute." *State ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 40.

{¶14} This case is admittedly an unusual one because the state was not seeking a denial of bail and did not come to court armed with evidence to present to the trial court. And while the trial court may sua sponte order a denial of bail, it still must comply with the statutory requirements. Here, there is no question that the state did not present *any* evidence at the hearing, much less clear and convincing evidence. In the state's brief before us, the only record citations that it includes in attempting to defend the trial court's ruling are to the prosecutor's oral argument at the hearing. As we review the record of the hearing to ascertain whether the "trial court had sufficient evidence before it to satisfy the clear-and-convincing standard," *see Sowders*, 1st Dist. Hamilton No. C-220114, 2022-Ohio-2401, at ¶ 28, we need not search long—no evidence was tendered at all.

{¶15} Extant caselaw reviewing denial of bail proceedings confirms our understanding of the evidentiary requirement baked into the statute. S*ee State v. Knowles*, 6th Dist. Lucas No. L-22-1042, 2022-Ohio-3264, ¶ 3 (where a police detective offered testimony about reporting to the scene, speaking to victim, speaking to a co-defendant, and collecting evidence leading to defendant's arrest); *State v. Williams*, 6th Dist. Lucas No. L-22-1012, 2022-Ohio-3858, ¶ 4-5 (where a detective offered testimony of his investigation of a shooting that lead to concluding that defendant was responsible); *State v. Nash*, 3d Dist. Wyandot No. 16-22-06, 2023-Ohio-51, ¶ 2 (where a detective offered testimony of reporting to an active shooter situation, speaking to witnesses, and eventually finding defendant with a handgun and a knife); *State v. De*

*La Cruz*, 10th Dist. Franklin No. 21AP-516, 2022-Ohio-4293, ¶ 5 (where a sergeant testified about investigating a robbery including finding a bullet casing at the scene that matched defendant's weapon, defendant's clothing matched the description given by victims, and defendant's confession).

{¶16} And it is well-settled that attorney statements and representations before a court do not constitute "evidence." *State v. Kaaz*, 12th Dist. Clinton No. CA2016-05-010, 2017-Ohio-5669, ¶ 66 ("The jury was properly instructed that attorney statements were not evidence."); *Abbott v. Abbott*, 6th Dist. Fulton No. F-06-020, 2007-Ohio-5308, ¶ 55 ("[W]e conclude that the trial court erred in its valuation of appellee's 401(K) account, based upon only attorney arguments[.] * * * [T]he court must inquire further, utilizing admissible evidence or sworn testimony from the parties, to determine which figure should be credited to appellee for the 401(K) account."); State *v. Mathia*, 11th Dist. Portage No. 92-P-0035, 1992 Ohio App. LEXIS 6217, *4 (Dec. 11, 1992) ("[A]ttorney's unsworn statements at the hearing are not of evidential quality; therefore we cannot rely upon them in reaching our decision."); *Cearly v. Cearly*, 12th Dist. Butler No. CA83-05-039, 1983 Ohio App. LEXIS 15842, 6 (Dec. 19, 1983) ("Arguments of attorneys are not evidence and we specifically reject reliance on their representations as a substitute for an evidentiary fundament.").

{¶17} If the state could simply offer attorney arguments to demonstrate compliance with R.C. 2937.222, what happens when the state and defense counsel disagree? The trial court must base its decision on "clear and convincing evidence"—not the simple persuasive value of attorney argument. Equally important, as an appellate court, we would be unable to undertake our review to evaluate whether the "trial court had sufficient evidence before it to satisfy the clear-and-convincing

8

standard," *see Sowders*, 1st Dist. Hamilton No. C-220114, 2022-Ohio-2401, at ¶ 28, if the record contains no evidence. The requirements and procedures embodied in R.C. 2937.222(B) exist for a reason, and we cannot simply jettison them.

*       *       *

{¶18}  In light of the foregoing analysis, we sustain Mr. Dickey's assignment of error and reverse the judgment of the trial court.  We accordingly remand the cause for further proceedings, including a hearing (if sought by the state or the court) that complies with R.C. 2937.222.

Judgment reversed and cause remanded.

**ZAYAS, P.J.,** and **WINKLER, J.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.